UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JEFFREY LAPINSKE, JEROLD
LAPINSKE, CASSANDRA LAPINSKE,
and ALYSSA MARTORANO,

Case No: 19 - CV - 162

Plaintiffs,

**COMPLAINT AND JURY DEMAND**

v

CITY OF GRAND HAVEN,

Defendant.

---

Plaintiffs, by their attorney, John D. Tallman, for their complaint against Defendant state as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jeffrey Lapinske, is a resident of Cudahy, Wisconsin and an heir of Martha H. Duncan.

2. Plaintiff, Jerold Lapinske, is a resident of Watertown, Wisconsin and an heir of Martha H. Duncan.

3. Plaintiff, Cassandra Lapinske is a resident of Delafield, Wisconsin and an heir of Martha H. Duncan.

4. Plaintiff, Alyssa Martorano is a resident of Mohave Valley, Arizona and an heir of Martha H. Duncan.

5. Defendant, City of Grand Haven, is a municipal corporation located in Grand Haven, Michigan, within the Western District, Southern Division, of the United States District Court.

1

6. That the amount in controversy exceeds $75,000.

7. That this Court has jurisdiction pursuant to 28 USC § 1331, federal question; 28 USC § 1343(a)(3) and (4), civil rights violation; and 28 USC § 1332, diversity of citizenship.

## FACTS

8. By trust deed dated October 22, 1913, Martha H. Duncan conveyed to three trustees "for and on behalf of the people of the City of Grand Haven" land to be held in trust forever as a public park known as "Duncan Park." **Exhibit A**, Trust Deed of Martha H. Duncan, copy of original and transcription.

9. The legal description of the land to be held in trust as "Duncan Park" is as follows:

> Beginning thirty-three (33) feet east and one hundred forty-two and 7/10 (142.7) feet south of the northeast corner of the northwest quarter of the southwest quarter of the northeast quarter of Section 29, Township 8, North, Range 16 West; thence south eighty-one degrees, sixteen (16) minutes west along the South line of Lake Avenue five hundred forty-eight (548) feet. Thence south sixty-five (65) degrees, five (5) minutes west one hundred thirty-three and 5/10 (133.5) feet; thence a south parallel with and thirty-three feet (33) feet east of the north and south quarterline of said section; ten hundred twenty-three (1023) feet to a point thirty-three (33) feet east of the central one-quarter (1/4) post of said section; thence east along the one-quarter line of said section one thousand two hundred ninety-one and 4/10 (1291.4) feet; thence north parallel with the East line of the West one-half (1/2) of the Southeast quarter of the northeast quarter of said section 29; three hundred sixty-three feet; thence east parallel with the east and west quarter line six hundred sixty-two and 2/10 (662.2) feet; thence north on said east line of the west one-half of southeast quarter of the northeast quarter, two hundred sixty-two (262) feet; thence west parallel with the north line of said subdivision one hundred ninety-eight (198) feet; thence north parallel with the east line of said subdivision three hundred twenty-eight (328)

> feet; thence west parallel with the north line of said subdivision eight hundred sixty-two and 8/10 (862.8) feet; thence north parallel with the east line of said subdivision one hundred ninety-eight (198) feet; thence west parallel with the north line of said subdivision two hundred thirty-one feet (231) feet; thence north twenty-two and 3/10 (22.3) feet to the place of beginning, being a part of the southwest quarter of the northeast quarter and the west one-half of southeast one quarter of the northeast quarter of section twenty-nine (29), Township 8 North, Range 16 West, according to a survey and plat made by E. H. Peck, County Surveyor for Ottawa County, State of Michigan, September Twenty-fifth, 1913.

10. The trust deed specified terms and conditions for the conveyance which were to be accepted by Defendant, City of Grand Haven, and then given the force of law by adoption of an ordinance which Defendant, City of Grand Haven, was bound by its acceptance and its ordinance to faithfully fulfill.

11. That the conveyance by trust deed was accepted by Defendant, City of Grand Haven, on October 20, 1913 by an ordinance which adopted in full the terms and conditions specified in the trust deed.

12. That Defendant reaffirmed its acceptance of the terms and conditions of the trust deed by adopting the terms and conditions of the trust, in full, again by ordinance of October 17, 1994.

13. Among the terms and conditions of the trust deed accepted by Defendant in 1913 and reaffirmed in 1994, were the following:

> A. establishment of a Park Board, known as the "Duncan Park Commission" whose members were required to consist of the three trustees of the Martha Duncan Trust, and which had
>
>> 1. the "exclusive supervision, management, and control" of Duncan Park;
>>
>> 2. the authority to hire and fire its own employees; and

   3. the duty to fill vacancies in the three person commission.

14. That the terms and conditions of the trust deed were observed until March, 2013, when the three trustees/commissioners (Mr. Edward Lystra, Mr. Rodney Griswold, and Mr. Jerry Scott) resigned and Defendant, City of Grand Haven, repealed and amended its Duncan Park ordinance (ordinance no. 13-01) so that it no longer complied with the terms and conditions of the trust deed, to wit:

  A. Five Duncan Park commissioners who were not trustees of the Duncan Park Trust and who were to be appointed by the Mayor of Defendant, City of Grand Haven, to terms that varied in length from one to five years;

  B. Duncan Park commissioners could be removed by the city council; and

  C. The Duncan Park Commission lacked the authority to hire and fire its own employees.

15. The trust deed at paragraph 3 provides for reverter to the heirs of Martha H. Duncan as follows:

> . . . and in case the Council or trustees shall neglect or refuse to carry out in good faith all of the terms and conditions herein specified, then the premises so dedicated as above, with all improvements, shall revert to the first party herein.

16. That paragraph 8 of the trust deed provides for the adoption of the ordinance specified in the trust deed and also provides in part that:

> [T]he repeal of said ordinance, or any part thereof, at any future time, shall render this deed null and void and make the same of no effect."

17. That on December 23, 2015, Defendant petitioned the Ottawa County Probate Court to be named the sole trustee of the Duncan Park Trust.

4

18.     That on February 29, 2016, the Ottawa County Probate Court, by the Honorable Mark A. Feyen, granted the petition of Defendant, City of Grand Haven, by appointing it the sole successor trustee to the Duncan Park Trust and reforming the trust.  **Exhibit B**, February 29, 2016 Order of the Ottawa County Probate Court.

## COUNT I - QUIET TITLE

19.     Paragraphs 1-18 of the complaint are hereby realleged.

20.     Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske and Alyssa Martorano are descendants and heirs of Martha H. Duncan.

21.     That the reverter clause (paragraph 3 of the trust deed), and the "null and void" clause (paragraph 8 of the trust deed) were triggered on or about March 24, 2013 upon repeal and amendment by Defendant, City of Grand Haven, of the ordinance approved by Martha H. Duncan and referenced in the trust deed at paragraph 8.

22.     That on or about March 24, 2013, title to and ownership of the land referenced in the trust deed reverted to Plaintiffs, Jeffrey Lapinske, Jerold Lapinske Cassandra Lapinske, and Alyssa Martorano.

WHEREFORE, Plaintiffs request the Court to:

    A.    Enter a judgment determining that Plaintiffs hold full legal and equitable title to the land described in the trust deed in fee simple absolute, free and clear of any and all claims of Defendant, City of Grand Haven, in this action and quieting title to the property forever in Plaintiffs; and

    B.    Grant such other relief as is equitable;

    C.    Award costs and attorney fees to Plaintiffs.

## COUNT II - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHTS (FEDERAL)

23. Paragraphs 1-22 of the complaint are hereby realleged.

24. 42 USC § 1983 provides for liability for deprivation or violation of federally protected rights, privileges, or immunities by the action of the Defendant, City of Grand Haven, in violating the federally protected rights of Plaintiffs under color of state law.

25. The Fifth Amendment to the United States Constitution provides in part "nor shall private property be taken for public use, without just compensation."

26. The Fifth Amendment is applicable to the states by virtue of the Fourteenth Amendment's Due Process Clause.

27. Defendant, City of Grand Haven, triggered the reverter clause and "null and void" clause of the trust deed, thereby vesting title and ownership of the land described in the trust deed in the Plaintiffs on or about March 24, 2013, upon repeal and amendment of the ordinance approved by Martha H. Duncan.

28. From the date of March 24, 2013 through February 29, 2016 (the date of the Probate Court Order [**Exhibit B**]), Defendant, City of Grand Haven, improperly and unlawfully exercised control and dominion over the land known as Duncan Park for public use under color of state law through its five person commission by and through the ordinance enacted by Defendant, City of Grand Haven, March 24, 2013.

29. As of February 29, 2016, the date of the Probate Court Order, Defendant, City of Grand Haven, improperly and unlawfully exercised control and dominion over the land known as Duncan Park for public use under color of state law pursuant to the Probate Court's Order granting its petition to be named as the sole trustee of the Duncan Park Trust.

30. The Defendant, City of Grand Haven, has thereby violated the constitutionally protected rights of Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, and Alyssa Martorano by taking the land known as Duncan Park for public use without just compensation.

WHEREFORE, Plaintiffs request damages in the amount of the value of the Duncan Park land together with costs and attorney fees pursuant to 42 USC 1988(b).

### COUNT III - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHTS (STATE)

31. Paragraphs 1-30 of the complaint are hereby realleged.

32. Section 2, Article X of The Constitution of Michigan of 1963 provides, in pertinent part, "Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law."

33. The Defendant, City of Grand Haven, has violated the constitutionally protected rights of Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, and Alyssa Martorano by taking the land known as Duncan Park for public use without just compensation therefore being first made or secured in a manner prescribed by law.

WHEREFORE, Plaintiffs request damages in the amount of the value of the Duncan Park land together with costs and attorney fees.

JOHN D. TALLMAN, PLC
Attorneys for Plaintiff

Dated: March 1, 2019

BY: /s/ John D. Tallman
John D. Tallman (P32312)
BUSINESS ADDRESS & TELEPHONE:
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI  49525
(616) 361-8850

## JURY DEMAND

Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, and Alyssa Martorano hereby demand a trial by jury in the above-referenced matter.

JOHN D. TALLMAN, PLC
Attorneys for Plaintiff

Dated: March 1, 2019

BY: /s/ John D. Tallman
John D. Tallman (P32312)
BUSINESS ADDRESS & TELEPHONE:
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI 49525
(616) 361-8850