UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAPINSKE, *et al.,*

    Plaintiffs,

v

CITY OF GRAND HAVEN

    Defendants

NO. 1:19-CV-162

HON. ROBERT J. JONKER

Geoffrey Fields (P41788)
Dickinson Wright PLLC
200 Ottawa Ave NW Ste 900
Grand Rapids, MI 49503-2427
(616) 458-1300

**BRIEF IN SUPPORT OF THE ATTORNEY GENERAL'S MOTION TO INTERVENE**

John L. Thurber (P44989)
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI  48909
(517) 335-7632

                   /

**BRIEF IN SUPPORT OF THE MICHIGAN ATTORNEY GENERAL'S MOTION TO INTERVENE**

Dana Nessel
Attorney General

John L. Thurber
Assistant Attorney General
Attorneys for [Parties represented]
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
thurberj@michigan.gov
P44989

Dated:  September 30, 2019

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court should allow the Attorney General to intervene pursuant to Fed. R. Civ. P. 24(a) because she has an interest in this action and any action of this Court may impair her ability to protect the citizens of the State of Michigan?

2. Alternatively, should this Court allow the Attorney General to intervene pursuant to Fed. R. Civ. P. 24(b) because this case involves a statute administered by the Attorney General?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:   *Gateway Fireworks, LLC v. Whiteford Township*, 2008 U.S. Dist. LEXIS 35207 (E.D. Mich, April 30, 2008)

*Johnson v. City of Memphis*, 73 Fed. App'x 123 (6th Cir. 2003)

*United States v. Tennessee*, 260 F.3d 587 (6th Cir. 2001)

Fed. R. Civ. P. 24

MCL 14.251

MCL 14.252(b)

MCL 14.254(a)

MCL 14.254(b)

i

## STATEMENT OF FACTS

The Plaintiffs in this action are Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, and Alysa Martorano.  The Defendant is the City of Grand Haven.

Dana Nessel is the Attorney General for the State of Michigan.  Per MCL 14.254(a), "The attorney general shall have jurisdiction and control and shall represent the people of the state and the uncertain or indefinite beneficiaries in all charitable trusts in this state, and may enforce such trusts by proper proceedings in the courts of this state."

In 1913 Martha Duncan conveyed land to three trustees to be used by the people of Grand Haven (D/E #1, PageID.2-3).  Martha Duncan created a charitable trust.  Michigan law provides "'Charitable trust' means the relationship where a trustee holds property for a charitable purpose."  MCL 14.252(b).

According to the complaint, in 2013 the three trustees resigned, and the Defendant altered its Duncan Park ordinance so that the mayor would appoint the trustees (D/E #1, PageID.4).  The Plaintiff alleges that in 2015 the Defendant petitioned the Ottawa County Probate Court to be named as the sole trustee of the Duncan Park Trust (D/E #1, PageID.4).

The Plaintiffs filed their complaint on March 1, 2019 (D/E #1, PageID.1-8).  The Plaintiffs alleged that the Defendant violated their rights under the Fifth Amendment and Section 2, Article X of the Michigan Constitution by taking their property without just compensation.

This Court entered an Order on August 1, 2019, indicating that the Attorney General had until September 30, 2019, to seek leave to intervene (D/E #24, PageID.217).

## ARGUMENT

I. **This Court should allow the Attorney General to intervene pursuant to Fed. R. Civ. P. 24(a) because she has an interest in this action and any action of this Court may impair her ability to protect the citizens of the State of Michigan.**

Fed. R. Civ. P. 24(a)(2) provides that this Court must permit anyone to intervene when that person or entity "[C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In order to be granted intervention of right pursuant to Fed. R. Civ. P. 24(a), the movant must show: (1) the motion is timely; (2) the movant has a substantial legal interest in the case; (3) the impairment of the movant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties that are already before the court. *United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001). The movant has the burden of showing all four elements, and the failure to establish any of the four elements prevents the movant from intervening by right. *Johnson v. City of Memphis*, 73 Fed. App'x 123, 131 (6th Cir. 2003). *Gateway Fireworks, LLC v. Whiteford Tonwship*, 2008 U.S. Dist. LEXIS 35207 (E.D. Mich, April 30, 2008).

The Attorney General satisfied all four of those elements.  First, the motion is timely.  The parties have not even begun discovery.  Second, the Attorney General has a substantial legal interest in this case.  Michigan law provides that the Attorney General represents the people of Michigan in all courts with respect to charitable trusts.  MCL 14.251, MCL 14.254(a), and MCL 14.254(b).  The Attorney General is the sole elected official charged with protecting the interests of the people regarding charitable trusts.  Third, if this Court does not allow the Attorney General to intervene, the Attorney General will most likely have no redress because claim preclusion and issue preclusion would very likely prevent her from acting.  Fourth, the parties, while represented by excellent attorneys, cannot adequately represent the interests of the people of Michigan.  The Attorney General's responsibility is to all the citizens in Michigan.  The Defendant's interest is (as it should be) only to serve the people of Grand Haven.  Of course, the Plaintiffs cannot represent the interests of the citizens of Michigan.  Accordingly, the Attorney General should be permitted to intervene by right under Fed. R. Civ. P. 24(a)(2).

II. **Alternatively, Court should allow the Attorney General to intervene pursuant to Fed. R. Civ. P. 24(b) because this case involves a statute administered by the Attorney General.**

If this Court rejects the Attorney General's position under Fed. R. Civ. P. 24(a)(2), it should permit her to intervene under both Fed. R. Civ. P. 24(b)(1)(B) and Fed. R. Civ. 24(b)(2)(A).  The Attorney General meets the criteria for Fed. R. Civ. P. 24(b)(1)(B) because she has a claim that she shares with the Defendant to preserve Duncan Park as a charitable trust.  Furthermore, the Attorney General meets the

criteria under Fed. R. Civ. P. 24(b)(2)(A) because she has statutory authority to protect charitable trusts. As noted above, the Attorney General acted in a timely manner and thus satisfies Fed. R. Civ. P. 24(b)(3). The parties have not even begun discovery. Finally, the Court gave the Attorney a General a deadline of September 30, 2019, to file the instant motion. The Attorney General met the deadline established by the Court.

## CONCLUSION AND RELIEF REQUESTED

The Attorney General requests this Court to grant her motion to intervene by right pursuant to Fed. R. Civ. P. 24(a). Alternatively, this Court should allow the Attorney General to intervene pursuant to Fed. R. Civ. P. 24(b).

Respectfully submitted,

Dana Nessel
Attorney General

/s/ John L. Thurber
Assistant Attorney General
Attorneys for the State of Michigan
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632
thurberj@michgan.gov
P44989

Dated: September 30, 2019

4