UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAPINSKE, *et al.*,

    Plaintiffs,

v.

CITY OF GRAND HAVEN,

    Defendant,

and

DANA NESSEL, MICHIGAN ATTORNEY
GENERAL, in her official capacity,
PROPOSED INTERVENOR.
_____/

CASE NO. 1:19-CV-162

HON. ROBERT J. JONKER

## **ORDER**

      This case centers on the disputed ownership of the land that comprises Duncan Park in the City of Grand Haven, Michigan. Over 100 years ago, Martha Duncan created Duncan Park in Grand Haven, Michigan. She did so by trust deed dated October 22, 1913. Her conveyance was to three named trustees "for and in behalf of the People of the City of Grand Haven," and her instructions were that the "land shall always be held and used as a public park … and shall always be called, known, and designated as 'Duncan Park.'" (ECF No. 1-1.) The trust deed includes provisions designed to ensure that Ms. Duncan's directions are followed, including what plaintiffs describe as a reverter provision. Plaintiffs' fundamental claim is that the conduct of the City of Grand Haven has triggered the provision, thus requiring reverter of the property to the heirs of Ms. Duncan.

The matter is before the Court now on the motion of the Attorney General of the State of Michigan for intervention (ECF NO. 34), which Plaintiffs oppose (ECF No. 38). Under FED. R. CIV. P. 24(a), intervention of right is available for a proposed intervenor who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene as of right, a proposed intervenor must establish "(1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest." *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). Under FED. R. CIV. P. 24(b), permissive intervention is available if a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."

The Attorney General's Motion for Intervention is **GRANTED**. She has identified a substantial legal interest in the case. Under MICH. COMP. L. § 14.251, "the people of the state are interested in the administration, operation, and disposition of the assets of all charitable trusts in the state; and … the attorney general shall represent the people of the state in all courts of the state in respect to such charitable trusts." The Michigan Attorney General is charged with representing "the people of the state and the uncertain or indefinite beneficiaries in all charitable trusts in this state…." MICH. COMP. L. § 14.254. Plaintiffs say this is not really a charitable trust case, but at a minimum the Attorney General can fairly claim it is, or may be, based on the trust deed and subsequent administration of the Park. Moreover, the extensive litigation history regarding the Park, and an injury accident that happened there, reinforces the Attorney General's claim. *See,*

*e.g., Nash v. Duncan Park Commission*, 2017 WL 3441404 (Mich. App. Aug. 10, 2017) (summarizing extensive litigation history, including reformation of the trust deed by the Probate Court, and resolving the last claims then at issue), *lv. denied,* 501 Mich. 953 (2018). At a minimum, the Attorney General has established good reason to intervene and look out for the interests of potential beneficiaries.

**ACCORDINGLY, IT IS ORDERED**:

1. The Motion for Leave to Intervene (ECF No. 34) is **GRANTED**. Attorney General Dana Nessel, ex rel, People of the State of Michigan, is joined as a party defendant.

2. The Attorney General's Answer to the Amended Complaint is due no later than November 5, 2019.

Dated:   October 21, 2019              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE