UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAPINSKE, *et al.*,

    Plaintiffs,

v

CITY OF GRAND HAVEN

    Defendants

and

DANA NESSEL, MICHIGAN ATTORNEY GENERAL, in her official capacity,

    Defendant-Intervenor.

NO. 1:19-CV-162

HON. ROBERT J. JONKER

**MICHIGAN ATTORNEY GENERAL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

---

John Douglas Tallman (P32312)
John D. Tallman PLC
Attorney for Plaintiffs
4020 E. Beltline Avenue NE, Ste 101
Grand Rapids, MI 49525
(616) 361-8850

Geoffrey A. Fields (P41788)
Christina Kay McDonald
Attorneys for Defendants
Dickinson Wright PLLC
200 Ottawa Ave NW Ste 1000
Grand Rapids, MI 49503
(616) 458-1300

---

John L. Thurber (P44989)
Assistant Attorney General
Mich. Department of Attorney General
Attorney for Defendant - Intervenor
Corporate Oversight Division
P.O. Box 30736
Lansing, MI  48909
(517) 335-7632

_____/

## PARTIES, JURISDICTION AND VENUE

NOW COMES Dana Nessel, the Attorney General of the State of Michigan, and states the following in response to the Plaintiffs' Complaint

1. Plaintiff Jeffrey Lapinske is a resident of Cudahy, Wisconsin and an heir of Martha H. Duncan.

**Response**: The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

2. Plaintiff Jerold Lapinske is a resident of Watertown, Wisconsin and an heir of Martha H. Duncan.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

3. Plaintiff Cassandra Lapinske is a resident of Delafield, Wisconsin and an heir of Martha H. Duncan.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

4. Plaintiff Alyssa Martorano is a resident of Mohave Valley, Arizona and an heir of Martha H. Duncan.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

5. Judith Lapinske was a resident of Neshkoro, Wisconsin and an heir of Martha H. Duncan prior to her death on March 24, 2015.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

6. Plaintiff James Lapinske is a resident of Neshkoro, Wisconsin and a successor in interest to Judith Lapinske by devise.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

7. Defendant, City of Grand Haven, is a municipal corporation located in Grand Haven, Michigan, within the Southern Division of the Western District of Michigan.

**Response:** The Attorney General admits the allegation in paragraph 7 is true.

8. The real property at issue is located in Ottawa County, which is within the Southern Division of the Western District of Michigan.

**Response:** If the Plaintiffs are referring to Duncan Park located in Grand Haven, Michigan, the Attorney General admits the allegation in paragraph 8 is true.

9. That the amount in controversy exceeds $75,000.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

10. That this Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question; 28 U.S.C. § 1343(a)(3) and (4), civil rights violation; 28 U.S.C. § 1332, diversity of citizenship; and 28 U.S.C. § 1367, supplemental jurisdiction.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

## FACTS

11. By trust deed dated October 22, 1913, Martha H. Duncan conveyed to three trustees "for and on behalf of the people of the City of Grand Haven" land to be held in trust forever as a public park known as "Duncan Park." **Exhibit A**, Trust Deed of Martha H. Duncan, copy of original and transcription.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the trust speaks for itself.

12. The legal description of the land to be held in trust as "Duncan Park" is as follows:

> Beginning thirty-three (33) feet east and one hundred forty-two and 7/10 (142.7) feet south of the northeast corner of the northwest quarter of the southwest quarter of the northeast quarter of Section 29, Township 8, North, Range

> 16 West; thence south eighty-one degrees, sixteen (16) minutes west along the South line of Lake Avenue five hundred forty-eight (548) feet. Thence south sixty-five (65) degrees, five (5) minutes west one hundred thirty-three and 5/10 (133.5) feet; thence a south parallel with and thirty-three feet (33) feet east of the north and south quarterline of said section; ten hundred twenty-three (1023) feet to a point thirty-three (33) feet east of the central one-quarter (1/4) post of said section; thence east along the one-quarter line of said section one thousand two hundred ninety-one and 4/10 (1291.4) feet; thence north parallel with the East line of the West one-half (1/2) of the Southeast quarter of the northeast quarter of said section 29; three hundred sixty-three feet; thence east parallel with the east and west quarter line six hundred sixty-two and 2/10 (662.2) feet; thence north on said east line of the west one-half of southeast quarter of the northeast quarter, two hundred sixty-two (262) feet; thence west parallel with the north line of said subdivision one hundred ninety-eight (198) feet; thence north parallel with the east line of said subdivision three hundred twenty-eight (328) feet; thence west parallel with the north line of said subdivision eight hundred sixty-two and 8/10 (862.8) feet; thence north parallel with the east line of said subdivision one hundred ninety-eight (198) feet; thence west parallel with the north line of said subdivision two hundred thirty-one feet (231) feet; thence north twenty-two and 3/10 (22.3) feet to the place of beginning, being a part of the southwest quarter of the northeast quarter and the west one-half of southeast one quarter of the northeast quarter of section twenty-nine (29), Township 8 North, Range 16 West, according to a survey and plat made by E. H. Peck, County Surveyor for Ottawa County, State of Michigan, September Twenty-fifth, 1913.

**Response:**   The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.  The language of the trust speaks for itself.

13. The trust deed specified terms and conditions for the conveyance which were to be accepted by Defendant, City of Grand Haven, and then given the force of law by adoption of an ordinance which Defendant, City of Grand Haven, was bound by its acceptance and its ordinance to faithfully fulfill.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the trust speaks for itself.

14. That the conveyance by trust deed was accepted by Defendant, City of Grand Haven, on October 20, 1913 by an ordinance which adopted in full the terms and conditions specified in the trust deed.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the trust speaks for itself.

15. By will signed December 11, 1916 and admitted to probate September 16, 1918, Martha H. Duncan conveyed additional land to the three trustees of Duncan Park, "as an addition to Duncan Park . . . subject to the same conditions as expressed in the original deed of Duncan Park." Exhibit B, Will of Martha Duncan.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a

belief as to their truth. The Plaintiffs are left to their proofs. The language of the will speaks for itself.

      16.     The legal description of the additional land devised to the Duncan Park trustees is as follows:

> Beginning 33 feet east and 142.7 feet south of the northeast corner of the N.W. 1/4 S.W. 1/4 N.E. 1/4 Section 29, T.S.N.R.16w., thence east to the southerly line of a proposed road surveyed by E. H. Peck, County Surveyor for Ottawa County, Michigan, (on or about the 15th day of October, 1915,) [sic] thence following the south, or southerly line of said road in a general easterly direction to a point 330 feet west of the center line of Sheldon Street, thence south to an east and west line which forms part of the north boundary line of said Duncan Park, as at present laid out, thence west 730.8 feet, thence north 198 feet, thence west 231 feet, thence north 22.3 feet to the place of beginning.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the trust speaks for itself.

      17.     That Defendant reaffirmed its acceptance of the terms and conditions of the trust deed by adopting the terms and conditions of the trust, in full, again by ordinance of October 17, 1994.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

7

18. Among the terms and conditions of the trust deed accepted by Defendant in 1913 and reaffirmed in 1994, were the following:

    A. establishment of a Park Board, known as the "Duncan Park Commission" whose members were required to consist of the three trustees of the Martha Duncan Trust, and which had

        1. the "exclusive supervision, management, and control" of Duncan Park;

        2. the authority to hire and fire its own employees; and

        3. the duty to fill vacancies in the three-person commission.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

19. That the terms and conditions of the trust deed were observed until March, 2013, when the three trustees/commissioners (Mr. Edward Lystra, Mr. Rodney Griswold, and Mr. Jerry Scott) resigned and Defendant, City of Grand Haven, repealed and amended its Duncan Park ordinance (by Ordinance No. 13-01) so that it no longer complied with the terms and conditions of the trust deed, to wit:

    A. Five Duncan Park commissioners who were not trustees of the Duncan Park Trust and who were to be appointed by the Mayor of Defendant, City of Grand Haven, to terms that varied in length from one to five years;

    B. Duncan Park commissioners could be removed by the city council; and

    C. The Duncan Park Commission lacked the authority to hire and fire its own employees.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

20. On October 20, 2014, Defendant, City of Grand Haven, repealed a part of the amended Duncan Park ordinance (by Ordinance No. 14-04).

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

21. On April 25, 2016, Defendant, City of Grand Haven, again repealed and amended every section of its Duncan Park ordinance (by Ordinance No. 16-01).

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

22. The trust deed at paragraph 3 provides for reverter to the heirs of Martha H. Duncan as follows:

> . . . and in case the Council or trustees shall neglect or refuse to carry out in good faith all of the terms and conditions herein specified, then the premises so dedicated as above, with all improvements, shall revert to the first party herein.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the deed speaks for itself.

23. That paragraph 8 of the trust deed provides for the adoption of the ordinance specified in the trust deed and also provides in part that:

> [T]he repeal of said ordinance, or any part thereof, at any future time, shall render this deed null and void and make the same of no effect."

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The language of the deed speaks for itself.

24. That on December 23, 2015, Defendant petitioned the Ottawa County Probate Court to be named the sole trustee of the Duncan Park Trust.

**Response:** The Attorney General admits the City filed a petition in the Ottawa County Probate Court. The Michigan Court of Appeals affirmed the Ottawa County Probate Court's decision to reform the charitable trust in 2017. The rest of the allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.

25. That on February 29, 2016, the Ottawa County Probate Court, by the Honorable Mark A. Feyen, granted the petition of Defendant, City of Grand Haven, by appointing it the sole successor trustee to the Duncan Park Trust and reforming the trust. Exhibit C, February 29, 2016 Order of the Ottawa County Probate Court.

**Response:** The Attorney General admits the City filed a petition in the Ottawa County Probate Court. The Michigan Court of Appeals affirmed the Ottawa County Probate Court's decision to reform the charitable trust in 2017. The rest of the

allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.

26. Defendant, City of Grand Haven, did not attempt to contact Plaintiffs, nor to ascertain the identity of Martha H. Duncan's heirs.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

## COUNT I - QUIET TITLE

27. Paragraphs 1-26 of the complaint are hereby realleged.

**Response:** The Attorney General incorporates by reference her responses to paragraphs 1-26.

28. Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske and Alyssa Martorano are descendants and heirs of Martha H. Duncan.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

29. Plaintiff James Lapinske is the successor in interest to Judith Lapinske, who was a descendant and heir of Martha H. Duncan.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

30. That the reverter clause (paragraph 3 of the trust deed), and the "null and void" clause (paragraph 8 of the trust deed) were triggered on or about March 24, 2013 upon repeal and amendment by Defendant, City of Grand Haven, of the ordinance approved by Martha H. Duncan and referenced in the trust deed at paragraph 8.

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs. The trust deed speaks for itself.

31. That on or about March 24, 2013, title to and ownership of the land referenced in the trust deed reverted to Plaintiffs, Jeffrey Lapinske, Jerold Lapinske Cassandra Lapinske, Alyssa Martorano, and Judith Lapinske (now James Lapinske).

**Response:** The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

### COUNT II - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHTS (FEDERAL)

32. Paragraphs 1-31 of the complaint are hereby realleged.

**Response:** The Attorney General incorporates by reference her responses to paragraphs 1-31.

33. 42 U.S.C. § 1983 provides for liability for deprivation or violation of federally protected rights, privileges, or immunities by the action of the Defendant,

City of Grand Haven, in violating the federally protected rights of Plaintiffs under color of state law.

**Response:** The language of 42 U.S.C. § 1983 speaks for itself. The rest of the allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

34. The Fifth Amendment to the United States Constitution provides in part "nor shall private property be taken for public use, without just compensation."

**Response:** The language of the Fifth Amendment speaks for itself. The rest of the allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

35. The Fifth Amendment is applicable to the states by virtue of the Fourteenth Amendment's Due Process Clause.

**Response:** The language of the Fifth Amendment speaks for itself. The rest of the allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth. The Plaintiffs are left to their proofs.

36. Defendant, City of Grand Haven, triggered the reverter clause and the "null and void" clause of the trust deed, thereby vesting title and ownership of the land described in the trust deed in the Plaintiffs on or about March 24, 2013, upon repeal and amendment of the ordinance approved by Martha H. Duncan.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

37.  Defendant's action (adoption of Ordinances Nos. 13-01, 14-04, and 16-01) expressed the official policy of Defendant, City of Grand Haven.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

38.  From the date of March 24, 2013 through February 29, 2016 (the date of the Probate Court Order [Exhibit C]), Defendant, City of Grand Haven, improperly and unlawfully exercised control and dominion over the land known as Duncan Park for public use under color of state law through its five person commission by and through the ordinance enacted by Defendant, City of Grand Haven, March 24, 2013.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

39.  As of February 29, 2016, the date of the Probate Court Order, Defendant, City of Grand Haven, improperly and unlawfully exercised control and dominion over the land known as Duncan Park for public use under color of state law pursuant to the Probate Court's Order granting its petition to be named as the sole trustee of the Duncan Park Trust.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

40.  There is no Michigan procedure for seeking "just compensation" from a municipal corporation that takes private property for public use.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

41.  The Defendant, City of Grand Haven, has thereby violated the constitutionally protected rights of Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, Alyssa Martorano, and James Lapinske, by taking the land known as Duncan Park for public use without just compensation.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

### COUNT III - VIOLATION OF CONSTITUTIONALLY PROTECTED RIGHTS (STATE)

42.  Paragraphs 1-41 of the complaint are hereby realleged.

**Response:**  The Attorney General incorporates by reference her responses to paragraphs 1-41.

43.  Section 2, Article X of The Constitution of Michigan of 1963 provides, in pertinent part, "Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law."

**Response:**  The language quoted from the Michigan Constitution speaks for itself.

44.   Defendant, City of Grand Haven, has violated the constitutionally protected rights of Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, Alyssa Martorano, and James Lapinske, by taking the land known as Duncan Park for public use without just compensation therefore being first made or secured in a manner prescribed by law.

**Response:**   The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

45.   There is no Michigan procedure for seeking "just compensation" from a municipal corporation that takes private property for public use.

**Response:**   The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

### COUNT IV - VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS

46.   Paragraphs 1-45 of the complaint are hereby realleged.

**Response:** The Attorney General incorporates by reference her responses to paragraphs 1-45.

47.   The Fourteenth Amendment to the United States Constitution states, in pertinent part, that a state may not "deprive any person of life, liberty, or property, without due process of law."

**Response:** The language of the 14th Amendment speaks for itself.

48.  U.S.C. § 1983 provides for liability for deprivation or violation of federally protected rights, privileges or immunities by the action of the Defendant, City of Grand Haven, in violating the federally protected rights of Plaintiffs under color of state law.

**Response:** The language of 42 U.S.C. § 1983 speaks for itself. The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

49.  Defendant, City of Grand Haven, has violated the constitutionally protected rights of Plaintiffs, Jeffrey Lapinske, Jerold Lapinske, Cassandra Lapinske, Alyssa Martorano, and James Lapinske, by depriving them of their interest in the land known as Duncan Park without the notice and an opportunity to be heard required by the Fourteenth Amendment.

**Response:**  The allegations in this paragraph are neither admitted nor denied because the Attorney General lacks knowledge or information sufficient to form a belief as to their truth.  The Plaintiffs are left to their proofs.

## THE ATTORNEY GENERAL'S AFFIRMATIVE DEFENSES

The Attorney General, pursuant to Fed. R. Civ. P. 8(c), asserts the following affirmative defenses, upon which she may rely:

1.  The Plaintiffs failed to state a claim upon which relief may be granted. Nor is there a genuine issue of material fact for the Court to resolve.

2. Some or all the Plaintiffs' claims may be barred by res judicata/claim preclusion.

3. Some or all the Plaintiffs' claims may be barred by collateral estoppel/issue preclusion.

4. Some or all the Plaintiffs' claims may be barred by the applicable statute of limitations and/or the doctrine of laches.

5. The Defendant is entitled to governmental immunity under federal and state law.

6. Some or all the Plaintiffs' claims may be barred by MCL 700.7905.

7. Some or all the Plaintiffs' claims may be barred by the rule against perpetuities.

8. The Plaintiffs may lack standing to assert their claims.

9. The Plaintiffs may have waived their claims.

10. Attorney General reserves the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery, and as the Court permits.

## JURY DEMAND

The Attorney General relies on the jury demand made by the Plaintiffs.

## RELIEF REQUESTED

WHEREFORE, the Attorney General requests this Court to enter an order dismissing the Plaintiff's First Amended Complaint with prejudice and assessing costs and reasonable attorney's fees.

                                    Dana Nessel
                                    Attorney General

                                  */s/ John L. Thurber*
                                  John L. Thurber
                                  Assistant Attorney General
                                  Corporate Oversight Division
                                  P.O. Box 30736
                                  Lansing, MI  48909
                                  (517) 335-7632
                                  thurberj@michigan.gov
                                  P44949

Date:  October 30, 2019

## PROOF OF SERVICE

I hereby certify that on October 30, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via US Mail to all non-ECF participants.

                                  Dana Nessel
                                  Attorney General

                                  */s/ John L. Thurber*
                                  John L. Thurber
                                  Assistant Attorney General
                                  Corporate Oversight Division
                                  P.O. Box 30736
                                  Lansing, MI  48909
                                  (517) 335-7632
                                  thurberj@michigan.gov
                                  P44949

Date: October 30, 2019