UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAPINSKE,
JEROLD LAPINSKE,
CASSANDRA LAPINSKE,
ALYSSA MARTORANO, and
JAMES LAPINSKE,

            Plaintiffs,

v.

CITY OF GRAND HAVEN,

            Defendant.

_____/

Case No. 1:19-cv-162

Hon. Robert J. Jonker

**ORDER**

This matter is now before the Court "Plaintiffs' Motion to excuse attendance at mediation" (ECF No. 43). Plaintiffs seek expedited consideration of this motion,[1] which has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

The five plaintiffs, Jeffrey LaPinske ("Jeffrey"), Jerold LaPinske ("Jerold"), Cassandra LaPinske ("Cassandra"), Alyssa Martorano ("Alyssa"), and James LaPinske ("James"), claim that they have an interest in certain real estate which was conveyed in trust for use as a public park back in 1913. Plaintiffs are represented by attorney John Douglas Tallman. This case is scheduled for mediation with Attorney Jon March on December 17, 2019. The mediation was scheduled pursuant to the Court's case management order which requires ADR to take place on or

---

[1] W.D. Mich. LCivR 7.1(e) provides as follows: "Where the relief requested by a motion may be rendered moot before the motion is briefed in accordance with the schedules set forth herein, the party shall so indicate by inserting the phrase 'EXPEDITED CONSIDERATION REQUESTED,' in boldface type, below the case caption, and shall identify in the motion the reason expedited consideration is necessary."

1

before January 30, 2020.  In his letter to the attorneys scheduling mediation, Attorney March stated in pertinent part:

> **Person with Full Settlement Authority.**  In order for facilitative mediation to work, it is essential that each party be represented b a person or persons with full settlement authority, both in terms of monetary authority and any non-economic issue which may be involved.  Please be certain that your clients and any insurance carrier are represented by persons with full settlement authority.  This means that we must have <u>present at the mediation</u> the person or persons who are decision maker(s), i.e., the person who has the authority to agree to the demands of the opposing party.  This does not mean he/she <u>must</u> agree, only that he/she has the <u>authority</u> to do so.

March Letter (ECF No. 43, PageID.297-298) (emphasis in original).

In their motion, plaintiffs James, Alyssa, and Cassandra ask to be excused from the mediation for the following reasons.  James is 83 years old, lives in Neshkoro, Wisconsin, and suffers from leukemia.  Due to his age, illness, and frailty, traveling to Grand Rapids, Michigan, would be a hardship for him.  He agrees that his sons, Jeffrey and Jerold, have full authority to settle the claim at mediation, and agrees to be available by telephone during mediation.

Alyssa is the daughter of James' son, the brother of Jeffrey and Jerold.  Alyssa lives in Mohave Valley, Arizona.  Her husband works for the railroad and is gone for long periods of time.  Alyssa is the primary caretaker for two young children.  Due to her familial responsibilities, Alyssa could not attend the mediation in Grand Rapids without great difficulty.  She has agreed that her uncles, Jeffrey and Jerold, have full authority to settle the claim at mediation, and agrees to be available by telephone during mediation.

Cassandra is a niece of Jeffrey and Jerold.  She recently moved from Wisconsin to Las Vegas, Nevada, and started a new job where she is on a period of probation.  A loss of two days of work to attend mediation in Grand Rapids would lead to the loss of her job.  Cassandra

[apparently mis-identified as "Alyssa" on PageID.294], has agreed that her uncles, Jeffrey and Jerold, have full authority to settle the claim at mediation, and agrees to be available by telephone during mediation.

According to plaintiffs, defendant's counsel, Geoffrey A. Fields, opposes excusing the three plaintiffs.

Upon due consideration, the Court concludes that the three plaintiffs, James, Alyssa, and Cassandra, have shown extraordinary circumstances sufficient to excuse attendance at the December 17, 2019 mediation.[2]  The Court further concludes that given the nature of plaintiffs' claims, the scheduled mediation will be fruitless unless James, Alyssa, and Cassandra agree to be bound by agreements reached by Jeffrey and Jerold.  For this reason, plaintiffs' motion will be granted with the following condition: James, Alyssa and Cassandra must each execute a waiver and consent, to be filed in this Court, in which they consent to be bound by any agreement reached by Jeffrey and Jerold at the December 17, 2019 mediation, consent to be available by telephone during the mediation, and waive any objection to any agreement reached by Jeffrey and Jerold at the mediation.  Accordingly,

IT IS ORDERED that plaintiffs' request for expedited consideration is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to excuse attendance at mediation (ECF No. 43) is GRANTED.

---

[2] *See* ¶ VI.G. of the Court's "Voluntary Facilitative Mediation Program Description" ("A party or lawyer will be excused from attending the mediation session in person only after approval by the Court upon showing extraordinary circumstances to excuse attendance.").

**IT IS FURTHER ORDERED** that the three plaintiffs, James LaPinske, Alyssa Martorano, and Cassandra LaPinske, shall each execute and efile a waiver and consent consistent with this order.  If any one of the three plaintiffs, James LaPinske, Alyssa Martorano, and Cassandra LaPinske, fail to execute and efile a waiver and consent, then that plaintiff will be responsible for any sanctions or costs which may arise due to his or her failure to appear in person at mediation.

Dated:  December 11, 2019                         /s/ Ray Kent
                                                  United States Magistrate Judge

4